# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Sharay Williams, ) | |
| ) | Civil Action No.: 1:19-cv-00705-JMC |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Bureau of Prisons, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 11), filed on April 24, 2019, recommending that Sharay Williams's Amended Petition for Writ of Habeas Corpus (ECF No. 7) be dismissed without service of process and without prejudice. Petitioner originally filed this action as a Petition for Writ of Mandamus. (ECF No. 1.) Petitioner was alerted to several deficiencies and filed an Amended Petition for Writ of Habeas Corpus. (ECF No. 5.)

Petitioner asserted that Respondent failed to implement the First Step Act of 2018, which awards every inmate 54 days of good conduct time for each year. First Step Act of 2018, Pub. L. No. 115-015, § 102(b)(1), 132 Stat. 015 (2018). (ECF No. 7.) Petitioner sought a court order instructing Respondent to recalculate his sentence to comply with the First Step Act. (*Id.*)

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th

1

Cir. 2005).

The Report recommends dismissing the case without service and without prejudice. (ECF No. 11.) Although Section 102(b)(1) of the First Step Act permits federal inmates to earn 54 days of good conduct time for each year, it had not taken effect when Petitioner filed this case. *Id.* Section 102(b) takes effect when the Attorney General completes the "risk and needs assessment system" required by Section 101(a), which was not required to be completed until approximately July 2019. *Id.* Therefore, when Petitioner filed her initial and amended petitions in March and April 2019, respectively, Respondent had no duty to recalculate Petitioner's sentence. (ECF Nos. 1, 7.) Additionally, the apparent consensus among jurisdictions also supports dismissing similar petitions. (*See*, *e.g.*, *Matthews v. Williams*, C/A No. 4:19-cv-518, 2019 WL 1639776 (N.D. Ohio April 16, 2019) (summarily dismissing petition); *Molina v. Underwood*, C/A No. 3:19-cv-641-K-BN, 2019 WL 1533444 (N.D. Tex. March 19, 2019) (recommending summary dismissal of petition); *Sheppard v. Quintana*, C/A No. 5:19-cv-084- DCR, 2019 WL 1103391 (E.D. Ky. March 8, 2019) (summarily dismissing petition despite potential adjusted release date before the Act's effective date)). (ECF No. 11.)

The parties were advised of their right to file objections to the Report. (ECF No. 11.) Neither party filed objections to the Report.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore,

failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 11), and **DISMISSES** the Amended Petition for Writ of Habeas Corpus (ECF No. 7). As the First Step Act Petitioner relied upon took effect in July 2019, the court grants Petitioner leave to refile the claim.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 27, 2020
Columbia, South Carolina

**CERTIFICATE OF APPEALABILITY**

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable judges would find this court's assessment of his constitutional claim is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debateable. *See, e.g., Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.